# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLE PEMBERTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-4001-CM/KGG |
| ) | |
| KANSAS CVS PHARMACY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER ON MOTION FOR LEAVE OF COURT TO CONTINUE PLAINTIFF'S DEPOSITION AND MOTION FOR LEAVE TO SUPPLEMENT

Before the Court is Defendant's Motion For Leave of Court to Continue Plaintiff's Deposition (Doc. 35). Defendant previously deposed Plaintiff for 6 hours and 7 minutes, which is 53 minutes less than provided by the Federal Rules of Civil Procedure as well as the Scheduling Order in this case. (*See* Fed.R.Civ.P. 30(d); *see also* Doc. 10, at 4.)

Defendant contends that the requested time is necessary "for the limited purpose of discussing the medical records and documents which were not in [its] possession at the time of Plaintiff's first day of deposition, to the extent these documents raise new issues on which Plaintiff has not been deposed." (Doc. 36, at

6.) At the time of Plaintiff's deposition, Defendant was of the opinion that it did not have all of the documents it needed to complete Plaintiff's deposition (including medical records collected after the receipt of Plaintiff's medical records release as well as additional documents it was seeking directly from Plaintiff). Even so, Defendant proceeded with Plaintiff's deposition – after rescheduling it to a later a date – in an attempt to comply with the mediation deadline contained in the Court's Scheduling Order. (*Id.*, at 3.)

Plaintiff argues that she is not at fault for Defendant's failure to compile the documents it wanted prior to the deposition. Plaintiff continues that her "counsel made it clear to defendant's counsel before and after the deposition that the deposition should take place on a single date pursuant to the schedule." (Doc. 44, at 2.) Plaintiff continues that "[i]f defendant was not ready to take the deposition, it should have heeded plaintiff's counsel's suggestion that the deposition be rescheduled until defendant was ready to depose plaintiff." (*Id.*) Given Defendant's legitimate interest in deposing Plaintiff prior to the mediation scheduled by the parties – as well as Defendant's efforts to reschedule the deposition – the Court finds Plaintiff's argument to be unpersuasive.

Defendant also filed its "Motion for Leave of Court to File Supplemental Suggestions in Support of Defendant's Motion for Leave to Continue Plaintiff's

Deposition." (Doc. 56.) Therein, Defendant contends that after the parties briefed Defendant's underlying motion, Plaintiff produced additional documents "that are directly relevant to Plaintiff's claims in this case" and "were responsive to [Defendant's] original requests and should have been produced . . . before Plaintiff's deposition." (Doc. 56-1.) As such, Defendant is requesting that it be given an additional two hours "for the limited purpose of examining Plaintiff on her medical records [which were the subject of Defendant's underlying motion] and relevant documents which Plaintiff failed to produce prior to her initial deposition." (*Id*., at 2.) Plaintiff contends that these new documents "were not responsive to defendant's discovery request but they were provided as voluntary supplementation." (Doc. 64, at 3.) Defendant argues that the new documents fall under two of its previous document requests. (Doc. 66, at 2.)

Plaintiff argues that Defendant "made the decision to proceed with the deposition knowing full well that the Federal Rules limit depositions to one day." (Doc. 44, at 5.) The Federal Rules are not as rigid as Plaintiff contends, however. It is undisputed that Fed.R.Civ.P. 30(d)(1) states that

> [u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. **The court must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination**.

3

(Emphasis added.)  As Plaintiff notes, the Advisory Committee Notes to this Federal Rule state that "[t]he party seeking a court order to extend the examination . . . is expected to show good cause to justify such an order."  Fed.R.Civ.P. 30(d) advisory committee's note (2000 amend.)  It is also undisputed that the Scheduling Order in this case limited parties' depositions to seven hours.  (Doc. 10, at 4.)  The Scheduling Order may also be amended upon a showing of good cause.

    The Court acknowledges that the parties have conflicting view points as to whether or not additional documents should have been produced.  They also do no agree as to whether or not Defendant received Plaintiff's medical records release with enough time to request, compile, and review all of the relevant medical records.  The Court is aware that disagreements are not out of the ordinary in the course of litigation.

    The Court finds, however, that Defendant's decision to proceed with Plaintiff's deposition in an effort to facilitate mediation and maintain the mediation deadline contained in the Scheduling Order establishes good cause.  The Court also finds that the limited relief requested by Defendant – to continue Plaintiff's deposition by telephone, using the remainder of the seven hours allotted by the Scheduling Order and federal rule plus an additional hour – is both appropriate and will not pose a significant burden to Plaintiff.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave (Doc. 35) is **GRANTED**.  The Court also **GRANTS** Defendant's Motion for Leave of Court to File Supplemental Suggestions (Doc. 56) as well as the underlying relief contained in those supplemental suggestions (Doc. 56-1).  Defendant shall be allowed to depose Plaintiff, by telephone, for an additional 1 hour and 53 minutes.  Such deposition will occur at a time that is mutually agreeable to the parties, but to occur within no later than **30 days** of the date of this Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 21st day of December, 2012.

    S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge